IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Jermaine Henry, | ) | C/A No.: 1:14-4343-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

William Jermaine Henry ("Petitioner") is an inmate at McCormick Correctional Institution of the South Carolina Department of Corrections, who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 23, 24]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 25]. Petitioner filed a response in opposition to Respondent's motion for summary judgment. [ECF No. 32].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion for summary judgment be granted.

I.    Factual Background and Procedural Background

On March 21, 2006, Petitioner and several friends drove to the apartment of

1

Francisco Perez. Petitioner and his friends had bought and sold drugs through Perez previously, but Petitioner claimed Perez once stole his drugs and money. [ECF No. 24-1 at 274–75]. Petitioner told his friends he intended to rob Perez in retaliation for stealing from him. *Id*. Once in Perez's apartment, Petitioner's friend Mark Cureton pointed a gun at Perez and Andre Brooks. *Id*. at 279. Petitioner then found a gun on Perez's waist and used it to fatally shoot Perez. *Id*. at 280, 301, 324, 330–31. Brooks was then pistol whipped by one of Petitioner's friends and forced to hand over his pants, shirt, phone, money, and drugs. *Id*. at 97. In an interview with investigators, Brooks implicated Petitioner and his friends in the incident. *Id*. at 195.

Petitioner was indicted by the Greenville County Grand Jury during the November 2006 term of court for (1) kidnapping (2006-GS-23-9698), (2) assault and battery with intent to kill (ABWIK) (2006-GS-23-9699), (3) murder (2006-GS-23-9700), and (4) armed robbery (2006-GS-23-9701). [ECF No. 24-1 at 443]. Petitioner was represented by Tom Creech, Esq., at a jury trial on February 2–4, 2009, before the Honorable G. Edward Welmaker, Circuit Court Judge. *Id*. at 1 *et seq*. Petitioner was found guilty of murder, but was acquitted of the remaining charges. *Id*. at 443. Judge Welmaker sentenced Petitioner to 50 years. *Id*. at 451.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 24-2 at 31 *et seq*.]. Petitioner was represented by Robert M. Dudek, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. *Id*. Petitioner raised the following issues in his final brief to the

2

Court of Appeals:

> The court abused its discretion by allowing the solicitor in his opening statement to argue that appellant was a drug dealer and that this case was about "drug dealer's revenge" since this impermissibly put appellant's character at issue, it also violated Rule 404(a), SCRE, and was not necessary to a fair presentation of the case as the solicitor alleged.

> The court abused its discretion by refusing to grant a mistrial where the solicitor in his opening statement told the jury that appellant was a drug dealer and that this case was about "drug dealer's revenge" since this impermissibly put appellant's character at issue, it also violated Rule 404(a), SCRE, and was not necessary to a fair presentation of the case as the solicitor alleged.

> The court erred by allowing Katrina Haynes to testify that appellant "was a drug dealer," and that's what he "did for a living," since this impermissibly put appellant's character at issue, and also violated Rule 404(a), SCRE.

> The court erred by overruling appellant's objection to Katrina Haynes testifying appellant was a drug dealer, and thereby implicitly denying his motion for a mistrial, since Haynes' testimony impermissibly placed appellant's character at issue where appellant had not made it an issue.

[ECF No. 24-3].

On June 27, 2011, the Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. [ECF No. 24-2 at 47–48]. As to the solicitor's opening statement and Katrina Haynes' testimony, the court cited cases standing for the proposition that an improper argument by the State or error by the trial court is harmless where there is overwhelming evidence of the appellant's guilt. *Id*. The court denied Petitioner's petition for rehearing on July 26, 2011. [ECF Nos. 24-5, 24-6].

The State filed a petition for a writ of certiorari to the South Carolina Supreme Court, seeking review of the Court of Appeals' decision. [ECF No. 24-7]. However, the

State was allowed to withdraw its petition upon request, and the remittitur was sent December 12, 2011. [ECF No. 24-7, 24-11, 24-12].

Petitioner filed an application for post-conviction relief ("PCR") on June 29, 2012, as amended August 27, 2013, in which he alleged various claims of ineffective assistance of counsel. [ECF No. 24-1 at 453–91].

A PCR evidentiary hearing was held on October 22, 2013, before the Honorable Edward W. Miller, Circuit Court Judge. [ECF No. 24-1 at 502]. Petitioner was represented by Caroline M. Horlbeck, Esq. *Id*. Judge Miller issued an order of dismissal on November 26, 2013. [ECF No. 24-2 at 23; 24–13].

Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court. Appellate PCR counsel Lanelle Cantey Durant of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[1] petition for a writ of certiorari on June 23, 2014, and petitioned to be relieved as counsel. [ECF No. 24-14]. The petition raised the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting to the jury charge that inferred malice may arise when the deed is done with a deadly weapon when *State v. Belcher*, 385 S.C. 597, 685 S.E.2d

---

1 *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

4

802 (2009) provided that this jury charge was no longer good law in South Carolina if mitigating evidence was presented, and that the *Belcher* ruling applied to cases pending on direct appeal where the issue was preserved?

*Id.* at 3.   On July 10, 2014, Petitioner filed a pro se brief raising the following issue: "The Petitioner is entitled to a Legal Grand Jury Under Gross Miscarriage of Justice Standard and denial of Due Process of Law under the 14th Amendment of the United States Constitution." [ECF No. 24-16].

The South Carolina Supreme Court denied the petition for a writ of certiorari on October 8, 2014, and granted counsel's request to withdraw. [ECF No. 24-17]. The remittitur was issued October 24, 2011. [ECF No. 24-18].

Petitioner filed this federal petition for a writ of habeas corpus on November 4, 2014. [ECF No. 1].[2]

II.    Discussion

    A.    Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**    The jury charge that inferred malice may arise when the deed is done with a deadly weapon was no longer good law.

    Supporting Facts: Malice is an element of murder. Jury instruction shifted the Burden of Proof IF my counsel would have preserved this issue I would have been granted relief.

**Ground Two:**    Rule 3(c) & (d) SCRCrimp violation of constitutional right.

---

[2]  The petition was received by the court on November 7, 2014, and docketed on November 10, 2014. [ECF No. 1-2].   However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on November 4, 2014.

> Supporting Facts: Indictment reads Nov 14, 2006 grand jury convened warrants read Mar. 25, 2006 True bill is not signed or dated. There was no Date and time it was filed Petitioner was indicted 8 months after transferring of warrant from the Clerk of Court

**Ground Three:**  Abuse of Discretion

> Supporting Facts: Inadmissible Evidence. Solicitor told the jury appellant was a Drug Dealer which was Hearsay. Court gave no tailored instructions at the end of the case.

**Ground Four:**  Petitioner is entitled to a Legal Grand Jury Under Gross Miscarriage of Justice Standard and Denial of Due Process of law under the 14th Amendment.

> Supporting Facts: There was no legal constituted Grand Jury returned a True Billed indictment when the Court of General Sessions convened There is no term for the Court of General Sessions to conven in the Month of November. Which is the time the court convened, and passed down the Indictment.

[ECF No. 1 at 5–10 (errors in original)].

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Id.*   At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party

6

and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

8

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment

pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re*

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the

"question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility for fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

     D.     Analysis

          1.     Ground One

In Ground One, Petitioner argues trial counsel was ineffective for having failed to object to the trial judge's instruction to the jury that malice can be inferred by the use of a deadly weapon in a murder because such an instruction has been repudiated by *State v. Belcher*, 685 S.E.2d 597 (S.C. 2009). Respondent argues the PCR judge's finding that trial counsel was not ineffective in failing to object to the inferred malice charge is a reasonable determination of fact and a reasonable application of the *Strickland* test. [ECF No. 24 at 14–19].

At trial, the State presented evidence that Petitioner shot and killed Perez with a gun he found on Perez, while Petitioner's friend held Perez at gunpoint. [ECF No. 24-1 at 279–80, 301, 324, 330–31]. During the jury charge, the trial judge instructed the jury as follows:

> Malice aforethought does not require that malice exist for any particular time before the act is committed. But malice must exist in the mind of the defendant just before and at the time of the act being committed. Therefore, there must be a combination of the previous intent and the act. Malice aforethought may be expressed or inferred. These terms expressed and inferred do not mean different kinds of malice but merely the manner in which the malice may be shown to exist. That is either by direct evidence or by inference from the facts and circumstances which are proved. . . . Malice may be inferred from conduct showing a total disregard for human life. Inferred malice may also arise when the deed is done with a deadly weapon.

*Id*. at 431 (emphasis added).   Trial counsel did not object to this portion of the jury charge, and this issue was not raised in Petitioner's direct appeal.

On October 12, 2009, over eight months after Petitioner's trial, but during the pendency of his direct appeal, the South Carolina Supreme Court issued its opinion in *State v. Belcher,* which held:

> [T]he "use of a deadly weapon" implied murder instruction has no place in a murder (or assault and battery with intent to kill) prosecution where evidence is presented that would reduce, mitigate, excuse or justify the killing (or alleged assault and battery with intent to kill). . . . The permissive inference charge concerning the use of a deadly weapon remains a correct statement of the law where the only issue presented to the jury is whether the defendant has committed murder (or assault and battery with intent to kill)[.]

*Id*., 685 S.E.2d at 809–810. The court explained, "Because our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved. . . . Our ruling, however, will not apply to convictions challenged on post-conviction relief." *Id*. 685 S.E.2d at 810–11.

At the PCR hearing, Petitioner testified he believed trial counsel was ineffective because he did not object to the trial judge's burden-shifting instruction on malice. [ECF

No. 24-2 at 12]. Trial counsel was not asked about the inferred malice instruction during his testimony. *Id*. at 17 *et seq*. The PCR judge ruled Petitioner failed to prove trial counsel was ineffective because *Belcher* was decided several months after Petitioner's trial, was not made retroactive, and specifically prohibited PCR applicants from relying on its precedent. *Id*. at 28–29.

The court finds the PCR judge's decision was not contrary to, or an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts. *See* § 2254(d). At the time of Petitioner's trial, the inferred malice jury instruction given by the trial judge was current and valid precedent in South Carolina. Petitioner's trial occurred over eight months prior to the South Carolina Supreme Court's decision in *Belcher*. [ECF No. 24-1 at 3]. Therefore, the PCR judge's finding that trial counsel was not ineffective for failing to challenge the inferred malice jury instruction was reasonable because trial counsel had no legal precedent for challenging the instruction. *See Taylor v. Warden at Allendale*, Civ. A. No. 2:13-2213-RMG-WWD, 2014 WL 4716443 (D.S.C. Aug. 1, 2014) (finding trial counsel was not required to be clairvoyant or to anticipate changes in the laws that were not in existence at the time of trial) (citing *Gilmore v. State*, 445 S.E.2d 454 (S.C. 1994)). Further, the PCR judge correctly relied on the Supreme Court's prohibition in *Belcher* on using the new precedent to retroactively challenge convictions in PCR applications. *See Belcher*, 685 S.E.2d at 810.

The court also notes that while *Belcher* was decided during the pendency of Petitioner's direct appeal, Petitioner could not have challenged the inferred malice

instruction on direct appeal because the issue was not raised at Petitioner's trial, and therefore, it was not preserved for appellate review. *See Belcher*, 685 S.E.2d at 810 ("[This] ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved."); *see also State v. Dunbar*, 587 S.E.2d 691, 693–94 (S.C. 2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."). Further, to the extent Petitioner alleges trial counsel was ineffective for failing to preserve the issue for appeal so that Petitioner could challenge the inferred malice instruction on direct review, the court reiterates that trial counsel had no basis to object to the instruction at the time of Petitioner's trial. *See Taylor v. Warden at Allendale*, *supra*; *State v. Gilmore*, *supra*.

Moreover, the court in *Belcher* maintained that the inferred malice charge remained a correct statement of the law where the only issue presented to the jury was whether the defendant committed the murder. *Belcher*, 685 S.E.2d at 810. The undersigned's review of the trial court record shows Petitioner contested the State's evidence that showed Petitioner shot Perez. Petitioner never admitted he shot Perez, nor did argue the killing was justified by law. Accordingly, even assuming *Belcher* were applicable to Petitioner's case, Petitioner failed to show the trial judge's instruction violated *Belcher* because no evidence was presented that would "reduce, mitigate, excuse or justify the killing." *See Belcher*, 685 S.E.2d at 809.

The court notes that in his response in opposition to Respondent's motion for summary judgment, Petitioner argues the inferred malice instruction was mandatory rather

than permissive, which violated his right to due process of the law. This claim was not raised to the trial court or in Petitioner's direct appeal, and consequently, the issue is procedurally barred. *See Smith v. Murray*, 477 U.S. at 533. Regardless, the claim lacks merit because the trial judge's jury charge provided that the jury "may" infer malice, and that malice must be proved from the facts. [ECF No. 24-1 at 431]. *See generally Francis v. Franklin*, 471 U.S. 307, 313–16 (1989) (providing mandatory presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of the offense, whereas a permissive inference does not relieve the State of its burden of persuasion if it requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved).

Accordingly, the undersigned recommends Respondent's motion for summary judgment be granted as to Ground One.

### 2. Grounds Two and Four

In Ground Two, Petitioner argues multiple defects in his indictments, including that they were not signed and dated and violated the Constitution. In Ground Four, Petitioner argues the grand jury was not legally constituted, in violation of his right to due process and equal protection of the law. Respondent argues these claims about South Carolina's indictment process are purely matters of state law, and accordingly, the claims are not reviewable in this federal habeas action. [ECF No. 24 at 19–22].

Initially, the court notes neither Ground Two nor Ground Four were raised at trial or in Petitioner's direct appeal, and consequently, these claims are procedurally barred. *See Smith v. Murray*, 477 U.S. at 533; *see also State v. Dunbar*, 587 S.E.2d at 693–94.

Respondent noted in its summary judgment motion that Ground Two was raised to the PCR court [ECF No. 24 at 20], however, the record shows Petitioner actually raised these indictment issues as a separate ineffective assistance of counsel claim. [ECF No. 24-2 at 27]. Therefore, Petitioner's underlying claims about infirmities in the indictments and grand jury process are procedurally barred because they were not presented to the trial court or state appellate courts.

However, procedural bar is an affirmative defense that may be waived by the State if it is not raised in the federal habeas court. *See Gray v. Netherland*, 518 U.S. 152, 165–166 (1996); *see also Jenkins v. Anderson*, 447 U.S. 231, 234 (1980). Respondent has not alleged that Grounds Two and Four are procedurally barred. Accordingly, the court will also address Respondent's argument that Grounds Two and Four are matters of state law, and thus, not reviewable by this court.

The court finds Grounds Two and Four are matters of state law that are not reviewable in a federal habeas action. *See Pulley v. Harris*, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). The Fifth Amendment's indictment requirement is not applicable to the states. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("[T]he Court has never held that federal concepts of a 'grand jury', binding on the federal courts under the Fifth Amendment, are obligatory for the States.") (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968)). Therefore, to the extent Petitioner alleges a Fifth Amendment violation in the state indictments or grand jury process, such a claim is not cognizable. Further, the manner and process by which a state grand jury is impaneled and indictments procured is a matter of

state law. *See generally*, S.C. Code Ann. § 17-19-10 *et seq*. Accordingly, Petitioner fails to state a claim upon which relief may be granted in Grounds Two and Four, and the undersigned recommends Respondent's motion for summary judgment be granted as to these grounds.

### 3.    Ground Three

In Ground Three, Petitioner argues the trial judge erred in allowing the State to refer to him as a "drug dealer" in its opening statement, and in allowing witnesses to testify that Petitioner was a drug dealer. Respondent argues this claim is not cognizable because it concerns a matter of state law. [ECF No. 24 at 22–24].

At trial, the State sought to prove Petitioner shot Perez because Perez stole drugs and money from Petitioner. [ECF No. 24-1 at 39]. During the solicitor's opening statement, trial counsel objected to the solicitor's reference to Petitioner as a drug dealer and moved for a mistrial, arguing the reference put Petitioner's character at issue in violation of Rule 404(a), SCRE. *Id*. at 38–40. The trial judge overruled the objection. *Id*. at 40. The solicitor later elicited testimony from witnesses who described Petitioner as a "drug dealer." *Id*. at 54, 85. Trial counsel objected to the testimony, but the trial judge overruled the objections. *Id*.

On appeal, Petitioner argued the trial judge erred in allowing the references to Petitioner as a drug dealer, and also for refusing to grant a mistrial on that basis. [ECF No. 24-2 at 31–45]. The Court of Appeals found any error by the trial judge in this instance was harmless because the State presented overwhelming evidence of Petitioner's guilt. *Id*. at 47–48.

The court finds Ground Three invokes matters of state evidentiary law, and accordingly, is not reviewable in a federal habeas action. *See Barbe v. McBride*, 521 F.3d 443, 454 (4th Cir. 2008) ("[W]e do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.") (citing *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000)); *see also Pulley v. Harris*, 465 U.S. at 41. Petitioner's objection to the State's "drug dealer" references were based on the state evidentiary rule on character evidence, and similarly, the Court of Appeals' harmless error analysis is a state rule for reviewing evidentiary rulings. *See* Rule 404(a), SCRE; *State v. Brooks*, 533 S.E.2d 325, 328 (S.C. 2000) ("The erroneous admission of prior bad act evidence . . . may be deemed harmless."). Accordingly, Petitioner's assignment of error to these matters of state law does not state a claim upon which relief may be granted by this court, and the undersigned recommends Respondent's motion for summary judgment be granted as to Ground Three.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment [ECF No. 23].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 5, 2015                        Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).